# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| RAMERALD CHANNEL | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | Case No. 2:16-cv-0793-RSP |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § § | |

## MEMORANDUM RULING

On October 8, 2014, Administrative Law Judge Gordan Momcilovic issued a decision finding that Petitioner Ramerald Channel was not disabled within the meaning of the Social Security Act from December 15, 2011 through the date of the decision. Mr. Channel, who was 42 with a high school education at that time, was found to be suffering from severe impairments consisting of cervical disc disease and lumbar disc disease as the result of a motor vehicle accident in 2010. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least December 15, 2011. Before that time he had worked as a construction worker and car detailer. He was not able to return to that kind of work.

After reviewing the medical records and receiving the testimony at the September 10, 2014 video hearing, the ALJ determined that Petitioner had the

residual functional capacity to perform less than the full range of sedentary work, as defined in the Social Security Regulations, in that he can lift or carry 10 pounds occasionally and less than 10 pounds frequently, and can stand or walk for 2 hours in an 8-hour workday, and sit for up to six hours in the workday. He should never climb ladders, ropes or scaffolds, and only occasionally engage in all other postural functions. He can only frequently reach in all directions, including but not limited to overhead reaching, with the non-dominant left upper extremity.

Based on the testimony of a vocational expert witness, Jerold Hildre, the ALJ determined that Petitioner could perform the requirements of certain jobs that exist in substantial numbers in the national economy, such as order clerk, optical goods assembler, and lens inserter. This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits. Petitioner appealed this finding to the Appeals Council, which denied review on February 22, 2016. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995);

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises three issues on this appeal:

1. Plaintiff meets listing 1.04 for his cervical herniated discs and therefore the ALJ's decision was not supported by substantial evidence.

2. The ALJ erred in discrediting the plaintiff and rejecting testimony that was supported by objective medical evidence.

3. The ALJ erred in failing to consider a closed period of disability.

*Issue No. 1:*

Plaintiff contends that the ALJ erred in not finding that Plaintiff's impairments meet or medically equal the requirements of one of the listed impairments in 20

C.F.R. Part 404, leading to a finding of disability at Step Three. Plaintiff quotes the requirements of listing 1.04, which pertains to disorders of the spine, but does not identify which of the three sections of the listing he contends he meets. Nor does he identify what specific evidence in the record supports any particular finding. The ALJ addressed this issue on pages 6 and 7 of his opinion (Tr. 22-23). The requirements of listing 1.04 are very demanding. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Plaintiff bears the burden of proof at Step Three and must show pain, limitation of motion, muscle atrophy or weakness, and sensory or reflex loss to meet the first and easiest part of the listing. The report of Dr. Mark Smith, the neurosurgeon, found "no restricted range of motion of the cervical or lumbar spine," as well as a "negative straight-leg raise bilaterally." (Tr. at 345). The Court's review of the record does not support Petitioner's argument that the ALJ erred in this finding.

*Issue No. 2:*

This issue presents a closer question. Petitioner's radiological evidence shows serious defects in his cervical and lumbar spine. He has a long history of regular treatment and use of narcotic pain medication, supporting his complaints of pain. One of his treating doctors, Dr. Hozdic, has opined that Petitioner cannot work steadily due to his pain. (Tr. 373). However, there is also countervailing evidence

4

in the record, and it is the province of the ALJ to weigh the medical evidence and determine disability, as long as he assigns proper reasons for his choices. In this case, the Court concludes that the ALJ has done so.

Petitioner complains in this issue that the ALJ discounted the credibility of Petitioner's testimony regarding his pain and other symptoms without proper explanation. The Commissioner concedes that while the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 7 through 12, shows that the ALJ did perform the required analysis of the record and gave very thorough and specific reasons for his credibility determination. The Court finds that the record, and particularly the medical evidence, supports the ALJ's finding that the Plaintiff's complaints of pain and disabling symptoms were not fully credible. For instance,

5

even the records of Dr. Richard Hozdic, who opined that Petitioner could not work, show that Petitioner repeatedly reported that his pain was well controlled by his pain medication. In fact, just the month before the hearing, Petitioner told Dr. Hozdic that his "pain is fairly well controlled." (Tr. 374 – August 5, 2014). On December 9, 2013, Petitioner told Dr. Hozdic that his pain had improved with medications. (Tr. 371). On October 8, 2013, he reported that his "back pain [is] stable with current medication." (Tr. 361). On June 4, 2013, he reported "that pain still well controlled with pain medications." (Tr. 359). It is undeniable that Petitioner reported back pain on every visit, but he did not routinely describe it to his doctors in the extreme way he did during his testimony to the ALJ, which supports the ALJ's credibility decision. (Tr. 26).

Petitioner argues in his Brief that the ALJ "knows Plaintiff cannot work under the influence of narcotic medication." The regulations make clear that the ALJ must take into account any evidence about the side effects of medication. The ALJ noted that Petitioner was being treated for his pain with Hydrocodone throughout the relevant time period. "However, the claimant has not alleged functional limitations resulting from this, did not appear to ask his treating sources to change his medication, and did not report during the application process that he experienced side effects that would be expected to affect his ability to engage in basic work

6

activities." (Tr. 22). While the Court could take notice that operation of heavy equipment would be contraindicated while taking serious dosages of Hydrocodone, the same cannot be said for the kind of sedentary jobs for which the vocational expert considered Petitioner. Thus, on this record, the Court cannot say that the ALJ erred.

The ALJ also carefully reviewed Petitioner's testimony and other statements concerning his limitations and his activities, the many neurological findings in the record, and the opinions of both treating and consultative medical sources. While the Court might have reached a different decision on a *de novo* review, the Court cannot say that the ALJ's decision is not supported by substantial evidence.

*Issue No. 3:*

Plaintiff's final issue is that the ALJ erred in failing to assess a closed period of disability. Such a finding would be appropriate if the ALJ had found disability during some of the eligible period but improvement thereafter. In this case, the ALJ found that Plaintiff was not disabled within the meaning of the Act during any part of the relevant time period. Thus, Plaintiff's improvement is not at issue and no closed period of disability was appropriate.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 19th day of September, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE